NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ICON DESERT LOGISTICS, a California
limited liability company; et al.,

Plaintiffs-Appellants,

v.

CITY OF BLYTHE, a government entity; et
al.,

Defendants-Appellees.

No.    22-55500

D.C. No.
5:20-cv-02225-CAS-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted August 14, 2023
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Plaintiffs Icon Desert Logistics, Thomas Lawson, Xiaotong Liu, and Keyao

Yu appeal the district court's order granting summary judgment to Officer Rudy

Moreno of the City of Blythe Police Department, Deputy Devin Hedge of the

County of Riverside Sheriff's Department, and their respective local governments.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We affirm. We review de novo the district court's order granting summary judgment and may affirm on any ground supported by the record. *Richards v. Cnty. of San Bernardino*, 39 F.4th 562, 569 (9th Cir. 2022). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Plaintiffs allege that Officer Moreno and Deputy Hedge violated their Fourth Amendment rights by using an administrative inspection of Plaintiffs' property as a pretext for a criminal investigation. The evidence, viewed in the light most favorable to Plaintiffs, does not establish that Officer Moreno and Deputy Hedge violated the Fourth Amendment. Even assuming the officers had a criminal investigatory motive for assisting with the administrative search, no reasonable trier of fact could find that: (1) the search "would not have occurred in the absence of an impermissible reason," *United States v. Orozco*, 858 F.3d 1204, 1213 (9th Cir. 2017); or (2) the improper motive had an "impact on the intrusiveness of the search," *United States v. Grey*, 959 F.3d 1166, 1183 (9th Cir. 2020). The presence of an impermissible motive does not, by itself, establish that the administrative search was pretextual, *Orozco*, 858 F.3d at 1213, and here, the record shows the presence of a valid motive: the city inspector obtained the administrative search

warrant, requested police assistance, and ultimately issued a notice and order to abate based on violations of city ordinances discovered during the search. Additionally, there is no evidence that the officers exceeded the scope of the search as authorized by the facially valid warrant or that they conducted the search in an excessively intrusive manner. Plaintiffs point to the number of officers who assisted with the search, but there is no evidence that the number of officers was excessive under the circumstances presented here.

Because we find no genuine dispute of material fact as to whether the officers violated the Fourth Amendment, we do not reach the issue of qualified immunity. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 n.4 (9th Cir. 1998), *as amended* (Nov. 24, 1998). Further, because we conclude that there is no claim for a Fourth Amendment violation against Officer Moreno or Deputy Hedge, there cannot be any claims against the City of Blythe or the County of Riverside.

**AFFIRMED.**